■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v JOY ADLER, Respondent-Appellant.—The People and the defendant cross-appeal from an order of the Supreme Court, Queens County, dated May 16, 1978, which, after a hearing, denied in part, and granted, in part, defendant's motion to suppress certain physical evidence. Defendant's cross appeal is dismissed. A defendant in a criminal action may not appeal from an intermediate order denying her motion to suppress evidence in whole or in part (see CPL 450.10, 450.15; cf. CPL 450.20). Order modified, on the law, by deleting therefrom all the words following "defendant's motion is" and by substituting therefor the words "denied in all respects". As so modified, order affirmed. We agree with Criminal Term's conclusion that the inspection by the airline agent and the Los Angeles Police of the contraband in Los Angeles was proper. Such action constituted a lawful seizure in Los Angeles which continued throughout the ensuing events (see *United States v De Berry,* 487 F2d 448). Accordingly, the opening of the package and the analysis of its contents by the New York Police Department served only to add cumulative facts, not additional basis for search and arrest, and did not act to invalidate otherwise lawful and proper police work. The California seizure having been accomplished in a manner consistent with the defendant's Fourth Amendment right to be free of unreasonable search and seizure, it provided a proper and adequate predicate for defendant's warrantless arrest in New York and the subsequent reclaiming of the previously seized evidence as an incident of that lawful arrest (see *United States v De Berry, supra).* Though not properly before us, we would note that defendant's cross appeal raises the issue of whether certain contraband found in her pocketbook upon her arrest should have been suppressed. Since this constituted evidence seized pursuant to an otherwise lawful arrest, suppression would have been improper. O'Connor, J. P., Rabin, Shapiro and Mangano, JJ., concur.