■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY BOYD, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Agresta, J.), dated December 18, 1981, which granted defendant's motion, after a hearing, to suppress certain physical evidence and statements. Order reversed, on the law and the facts, motion denied and matter remitted to the Supreme Court, Queens County, for further proceedings. At the suppression hearing, a police officer testified that on July 16, 1978, he was on radio patrol with his partner in a marked police van. At about 4:20 P.M. he made a turn onto 104th Street from Northern Boulevard and observed defendant on the corner, conversing with a man and a woman. As the police van approached, all three looked in its direction. The man with whom defendant had been talking immediately fled. The police officer observed that defendant, who did not flee, was dangling a small black leather bag in front of him. He saw defendant back up one or two steps, almost to the wall, and place the bag behind his back so that it was hidden from the officer's view. The officer then exited his van, approached defendant, and asked, "What do you have in the bag?" Defendant handed him the bag, saying that it was not his and belonged to the man who fled. Through the soft leather the officer was able to feel what seemed to be a gun, whereupon he opened the bag and found a loaded .25 calibre automatic pistol inside. Defendant was then arrested. Upon

searching defendant, the other officer found four bags of heroin. Defendant was taken in the van to the police precinct. Later, the officers found a hypodermic needle and another bag of heroin in the van and defendant admitted that these items were his. We conclude that the physical evidence taken from defendant and the statements made by him were improperly suppressed because the original inquiry by the police was lawful. The police officers had an articulable reason to make the inquiry. The flight of defendant's companion, the action of defendant in shifting the bag to a position behind his back, as if to hide it, and the known high incidence of drug dealing on that particular corner, gave the officers sufficient reason to inquire. We need not decide whether the officers had such a reasonable suspicion that criminal activity was afoot as would give justification for a "seizure" of defendant as we have concluded that there was no seizure here. The officer merely inquired about the contents of the bag and defendant voluntarily offered it to him (see *People v Carrasquillo,* 54 NY2d 248). The police used neither force nor intimidation, and defendant retained his freedom of movement (see *People v De Bour,* 40 NY2d 210; cf. *People v Cantor,* 36 NY2d 106). The examination of the contents of the bag was made on probable cause. Since the initial encounter was reasonable, and the police conduct subsequent to the initial inquiry was lawful, the fruits of the encounter were improperly suppressed. We do not consider defendant's request that if this court should decide (as we have) to reverse the order under review, we should remand the matter for a new hearing on the ground that he was denied his right to counsel because he was represented at the suppression hearing by an attorney who was unfamiliar with his case. Any objection to an intermediate order denying a motion to suppress evidence, is reviewable only on appeal from the judgment of conviction (*People v Adler,* 70 AD2d 599, affd 50 NY2d 730, cert den 449 US 1014; *People v Merz,* 20 AD2d 918). Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.